Deloach v McNeil
2026 NY Slip Op 03776
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Dwayne G. Deloach, appellant,
v
Jason C. McNeil, et al., defendants, Consolidated Edison, Inc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-07672, (Index No. 517549/17)
Mark C. Dillon, J.P.
Valerie Brathwaite Nelson
Carl J. Landicino
Susan Quirk, JJ.

Elefterakis, Elefterakis & Panek, New York, NY (Harris J. Zakarin of counsel), for appellant.
Lauren A. Jones (DSR Appeals, Montrose, NY [Daniel S. Ratner], of counsel), for respondents.

[*1]
DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kerry J. Ward, J.), dated May 16, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendants Consolidated Edison, Inc., and Consolidated Edison Company of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Consolidated Edison, Inc., and Consolidated Edison Company of New York, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a February 2016 accident in which his vehicle collided with a vehicle operated by the defendant Jason C. McNeil at the intersection of Waverly Avenue and Willoughby Avenue, both one-way streets, in Brooklyn. McNeil was traveling on Waverly Avenue, which was controlled by a stop sign at its intersection with Willoughby Avenue. A truck allegedly owned by the defendants Consolidated Edison, Inc., and Consolidated Edison Company of New York, Inc. (hereinafter together the Con Ed defendants), was parked on Willoughby Avenue at its intersection with Waverly Avenue. McNeil asserted that the Con Ed defendants' truck blocked his view of Willoughby Avenue. The plaintiff alleged that the Con Ed defendants were negligent in their placement of the truck and that such negligence contributed to the accident.
The Con Ed defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground, among others, that at the time of the accident, their truck was a hazard vehicle engaged in a hazardous operation, subject to the reckless disregard standard set forth in Vehicle and Traffic Law § 1103(b), and thus, they could not be liable in negligence. In support, the Con Ed defendants submitted, among other things, the deposition testimony of their two employees who were present at the scene. Both employees testified that they were there to perform work inside a manhole that was located on an adjacent sidewalk and that they [*2]parked the truck on the street near the manhole and set up, inter alia, cones and flashing lights.
In opposition, the plaintiff contended, among other things, that the Con Ed defendants failed to establish that their truck was actually engaged in a hazardous operation at the time of the accident. In an order dated May 16, 2024, the Supreme Court determined that Vehicle and Traffic Law § 1103(b) is applicable to the facts of this case and, inter alia, granted that branch of the Con Ed defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff appeals.
Vehicle and Traffic Law § 1202 proscribes stopping, standing, or parking a vehicle in specified places. Vehicle and Traffic Law § 1103(b) exempts from those rules "hazard vehicles while actually engaged in hazardous operation on or adjacent to a highway." A "hazard vehicle" includes a "vehicle owned and operated or leased by a utility, whether public or private, used in the construction, maintenance and repair of its facilities" (id. § 117-a). A "hazardous operation" is defined as "[t]he operation, or parking, of a vehicle on or immediately adjacent to a public highway while such vehicle is actually engaged in an operation which would restrict, impede or interfere with the normal flow of traffic" (id. § 117-b).
At the outset, we note that the plaintiff's challenge to the Supreme Court's determination that Vehicle and Traffic Law § 1103(b) applies to the facts of this case is limited to the question of whether the Con Ed defendants demonstrated that their employees and the truck were engaged in a hazardous operation at the time of the accident. The plaintiff has not challenged the applicability of the statute on the ground that the accident occurred in the City of New York (cf. Somersall v New York Tel. Co., 52 NY2d 157, 165-166, 166 n 4). Nor has the plaintiff challenged the relevance of an exemption to the provisions of Vehicle and Traffic Law § 1202 to his theory of liability against the Con Ed defendants (cf. id. § 1642[a]; Rules of City of NY Dept of Transp [34 RCNY] § 4-02[e]). Thus, we do not consider those issues.
On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [citations omitted]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Here, the Con Ed defendants failed to make a prima facie showing that their truck was "actually engaged in an operation which would restrict, impede or interfere with the normal flow of traffic" at the time of the accident (Vehicle and Traffic Law § 117-b), so as to constitute a hazardous operation within the meaning of Vehicle and Traffic Law § 1103(b) (see Somerall v New York Tel. Co., 52 NY2d at 165). Accordingly, the Supreme Court should have denied that branch of the Con Ed defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The plaintiff's remaining contention is without merit.
DILLON, J.P., BRATHWAITE NELSON, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court